United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60539
Summary Calendar
_____

LYNDON L. JORDAN,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A36 481 680
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Lyndon Jordan, a native of Guyana and a lawful permanent
resident of the United States, petitions for review of the final
order of the Board of Immigration Appeals (BIA) affirming without
opinion an Immigration Judge (IJ) decision finding Jordan
removable as an alien convicted of an aggravated felony.  Under
8 U.S.C. § 1227(a)(2)(A)(iii).  Jordan argues that the IJ erred
in finding a 2002 New York marihuana conviction to be an
aggravated felony under 8 U.S.C. § 1227.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under 8 U.S.C. § 1252(a)(2), this court has jurisdiction to review claims, such as Jordan's, raising questions of law. 8 U.S.C. § 1252(a)(2)(D). See also Rodriquez-Castro v. Gonzales, 427 F.3d 316, 319 (5th Cir. 2005) (holding § 1252 applies retroactively to cases pending upon its enactment); Omari v. Gonzales, 419 F.3d 303, 306 (stating that question of whether a prior conviction is an aggravated felony is a legal one). Even if the REAL ID Act did not provide jurisdiction, this court would "have jurisdiction to determine [its] own jurisdiction, i.e., to determine whether the conviction qualifies as an aggravated felony." Omari v. Gonzales, 419 F.3d 303, 306 (5th Cir. 2005)).

This court accords substantial deference to the BIA's interpretation of the INA. Omari, 419 F.3d at 306-07 (citing Smalley v. Ashcroft, 354 F.3d 332, 335-36 (5th Cir. 2003)). The court reviews de novo "whether the particular statute that the prior conviction is under falls within the relevant INA definition." Id. (citations omitted). Because the BIA affirmed "without opinion," this court directly review the IJ's decision. Soadjede v. Ashcroft, 324 F.3d 830, 831-32 (5th Cir. 2003).

Under the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), an alien who commits an aggravated felony is removable. 8 U.S.C. § 1227(a)(2)(A)(iii). Under 8 U.S.C. § 1101(a)(43)(B), an "aggravated felony" includes "drug trafficking crime[s], as defined by 18 U.S.C. § 924(c). A "drug trafficking crime" has two elements under § 924(c)(2): (1) the

offense is punishable under the Controlled Substances Act (CSA) and (2) that the offense is a felony under federal or state law. United States v. Sanchez-Villalobos, 412 F.3d 572, 574 (5th Cir. 2005), cert. denied, 126 S.Ct. 1142 (2006). Such a drug offense is a felony if it "is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44); see Sanchez-Villalobos, 412 F.3d at 574 (holding that § 802(44) provides the applicable definition of "felony").

In analogous immigration cases involving determination of whether a prior conviction constitutes an aggravated felony, courts employ a categorical approach, looking first to the elements of the offense, and then to the charging documents, stipulated facts, or some other formal finding of the relevant facts of conviction. See Omari, 419 F.3d at 307. If the offense conduct charged can encompass something less than an aggravated felony, the offense is not deemed an aggravated felony. Id.

In the instant case, Jordan was convicted of violating New York Penal Law § 221.40, stating "A person is guilty of criminal sale of marihuana in the fourth degree when he knowingly and unlawfully sells marihuana except as provided in section 221.35 of this article." N.Y. PENAL LAW § 221.40. The violation is a state class A misdemeanor, for which the sentence "shall not

exceed one year."  Id.; N.Y. PENAL LAW § 70.15.  Section 221.35, criminal sale of marihuana in the fifth degree (also a misdemeanor), penalizes an individual who "knowingly and unlawfully sells, without consideration, one or more preparations, compounds, mixtures or substances containing marihuana and the preparations, mixtures or substances are of an aggregate weight of two grams or less; or one cigarette containing marihuana."  N.Y. PENAL LAW § 221.35.  An offense would not be included in § 221.35 (and would be included in § 221.40) either if the sale was (1) for consideration or (2) for an amount of more than two grams or one cigarette.  See N.Y. PENAL LAW § 221.35.  Under New York law "sell" is defined as "to sell, exchange, give or dispose of to another, or to offer or agree to do the same."  N.Y. PENAL LAW § 220.00.

An individual may violate § 221.40 without that conviction qualifying as a federal felony.  If an individual either sells for consideration less than two grams or one cigarette of marihuana or distributes without consideration more than two grams or one cigarette of marihuana (but less than 25 grams) then he has violated § 221.40 because the crime is not encompassed by § 221.35 (but has not risen to the 25 grams level of N.Y. PENAL LAW § 221.45).  That state misdemeanor would not be a federal felony if it fell within the purview of 21 U.S.C. § 841(b)(4). Section 841(b)(4) provides that an individual who "distribut[es] a small amount of marihuana for no renumeration" shall be

punished as if for simple possession (21 U.S.C. § 844). A simple possession conviction under § 844 is punishable by a maximum term of imprisonment of one year, unless the individual has a prior narcotics conviction, in which case the individual may be sentenced to a maximum term of two years imprisonment. 21 U.S.C. § 844(a). Under 18 U.S.C. § 3559(a), a simple possession conviction without a prior narcotics conviction would be a federal misdemeanor (less than one year imprisonment), but the two year maximum sentence conviction would be a federal felony. Thus, a violation of N.Y. PENAL LAW § 221.40 is not categorically an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B). See Omari, 419 F.3d at 308 (holding that a conviction under federal fraud statute was not categorically an aggravated felony for immigration purposes).

Because the New York statute at issue is divisible, the court may look to Jordan's actual conviction to determine if it was for conduct qualifying as an aggravated felony. See id. 419 F.3d at 308 (citations omitted). In such an analysis, the court examines the record of conviction to determine if the particular conviction qualifies as an aggravated felony. Id. In a situation involving a guilty plea, the court may consider "the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 20-21 (2005); see Omari, 419 F.3d at 308. The court may

not consider "[d]ocuments not of that kind, including police reports and complaint applications." Omari, 419 F.3d at 308.

In this case, the only formal document of Jordan's conviction in the administrative record is the Certificate of Disposition of the 2002 conviction. That document states only that Jordan pleaded guilty to a violation of N.Y. PENAL LAW § 221.40. The document does not indicate that the conduct involved a sale for consideration or the distribution or sale of more than a small amount. The document also does not indicate that Jordan has prior narcotics convictions. The documentation does not support a finding that Jordan engaged in conduct or had prior convictions that would raise his violation to the level of a federal felony. See Omari, 419 F.3d at 308-09 (finding record insufficient to establish a prior conviction was an aggravated felony where the only available formal documents of conviction did not show that actual offense qualified). Thus, the IJ erred in finding that the prior state conviction qualified as an aggravated felony for purposes of removal.

The Government additionally argues that the IJ did not err because Jordan was removable as an alien convicted of an offense involving a controlled substance. See 8 U.S.C. § 1227. Under 8 U.S.C. § 1227, "[a]n alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 in Title 21)

other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable."  Although the Government alleged the controlled substance grounds in the Notice to Appear, the IJ did not rule on the issue.  A court reviewing an agency decision may not conduct a de novo inquiry into a matter not considered by an administrative agency and reach its own conclusions in the matter based on its inquiry. Gonzales v. Thomas, 126 S. Ct. 1613, 1615 (2006) (citations omitted).  Because the agency has not considered whether the 2002 offense constituted a controlled substance offense, the matter must be remanded to "bring its expertise to bear upon the matter," "evaluate the evidence," and "make an initial determination."  INS v. Orlando Ventura, 537 U.S. 12, 17 (2002) (per curiam) (quoted with approval in Thomas, 126 S. Ct. at 1615).

Accordingly, Jordan's petition for review is GRANTED and the order of the BIA is VACATED and REMANDED for further proceedings consistent with this opinion.

PETITION FOR REVIEW GRANTED; VACATED AND REMANDED.