# United States Court of Appeals
## For the First Circuit

No. 07-2362

JULVIO JULCE,

Petitioner,

v.

MICHAEL MUKASEY, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, <u>Chief Judge</u>,
Lipez and Howard, <u>Circuit Judges</u>.

<u>Eduardo Masferrer</u> and <u>Masferrer & Associates, P.C.</u> on brief
for petitioner.
<u>Russell J.E. Verby</u>, Senior Litigation Counsel, <u>Jeffrey S.</u>
<u>Bucholtz</u>, Acting Assistant Attorney General, and <u>Barry J.</u>
<u>Pettinato</u>, Assistant Director, Office of Immigration Litigation,
U.S. Department of Justice, on brief for respondent.

June 20, 2008

**LYNCH**, <u>Chief Judge</u>.  Julvio Julce, a native and citizen of Haiti, petitions for review of a decision by the Board of Immigration Appeals ("BIA") denying his application for cancellation of removal.  The BIA concluded he was not eligible for this relief from removal because he had been convicted of an aggravated felony.

The petitioner raises a new question for this court involving the interplay between the immigration law's definition of aggravated felons, who are ineligible for cancellation of removal, and the federal criminal statutory exception in 21 U.S.C. § 841(b)(4) for reducing certain felony marijuana offenses from felonies to misdemeanor status.

We deny the petition.  Our resolution of this issue is different from that of the only other circuit which, to our knowledge, has addressed the issue under the immigration law.  <u>See</u> <u>Wilson</u> v. <u>Ashcroft</u>, 350 F.3d 377, 381 (3d Cir. 2003).  But our resolution is more consistent with the approach taken by every circuit which has addressed a related issue under the federal criminal law, to which the immigration law looks.

I.

Julce entered the United States as a lawful permanent resident on August 23, 1993.  On May 14, 2003, Julce pled guilty to one count of possession with intent to distribute a Class D substance (in his case, marijuana) under Massachusetts law.  <u>See</u>

Mass. Gen. Laws ch. 94C, § 32C(a). He also pled guilty to a count of possession of this marijuana in a school zone.[1] Julce received a two-year sentence for his convictions.

The Immigration and Naturalization Service initiated removal proceedings against Julce on May 25, 2004. The agency charged Julce as removable both because he had been convicted of an "aggravated felony," see 8 U.S.C. § 1227(a)(2)(A)(iii), and because he had been convicted of violating a law "relating to a controlled substance," see id. § 1227(a)(2)(B)(i). The agency based both charges on Julce's conviction under Mass. Gen. Laws ch. 94C, § 32C(a) for possession with intent to distribute marijuana.[2]

Julce conceded his removability under the "controlled substances" charge. He nevertheless argued that he was eligible for the discretionary relief of cancellation of removal. See 8 U.S.C. § 1229b(a). Aliens who have been convicted of an aggravated felony are not eligible for this relief, id. § 1229b(a)(3), but Julce argued that the state-law conviction did not qualify as an "aggravated felony" as defined in the Immigration and Nationality Act ("INA").

---

[1] Julce withdrew his original pleas, but re-entered guilty pleas to the same offenses on August 12, 2004.

[2] On April 15, 2004, Julce was again convicted in Massachusetts for possession of marijuana with intent to distribute and possession in a school zone, this time by jury verdict. That conviction was pending appeal during the agency proceedings.

An Immigration Judge ("IJ") issued an oral decision on January 30, 2007. The IJ relied on Berhe v. Gonzales, 464 F.3d 74, 84-85 (1st Cir. 2006), which held that a conviction under Mass. Gen. Laws ch. 94C, § 32C(a) qualifies as an "aggravated felony" for purposes of the INA. The IJ pretermitted Julce's application for cancellation of removal and ordered him deported to Haiti.

The BIA affirmed on August 2, 2007. The only issue before the BIA was Julce's eligibility for cancellation of removal. Citing the Supreme Court's decision in Lopez v. Gonzales, 127 S. Ct. 625, 630-31 (2006), the BIA concluded that Julce's conviction under the Massachusetts statute qualified as an "aggravated felony" because the federal Controlled Substances Act ("CSA") treats possession of marijuana with intent to distribute as a felony.

Julce timely petitioned for review of the BIA's decision.

II.

Julce's petition raises a single legal issue: whether the BIA erred in denying him eligibility for cancellation of removal by treating a conviction under Mass. Gen. Laws ch. 94C, § 32C(a) as an "aggravated felony" conviction for purposes of the INA. Because this petition presents only a pure question of law, we review the issue de novo. Berhe, 464 F.3d at 80; Conteh v. Gonzales, 461 F.3d 45, 52 (1st Cir. 2006).[3] Indeed, our review here is restricted

_____

[3] We ordinarily defer to the BIA's reasonable interpretations of silent or ambiguous provisions of the immigration statutes. However, this court has noted that because

-4-

under the REAL ID Act to the purely legal issues presented. See 8 U.S.C. § 1252(a)(2)(C)-(D).

"An aggravated felony on a criminal record has worse collateral effects than a felony conviction simple." Lopez, 127 S. Ct. at 628. These collateral effects are significant in the immigration context, because a conviction of an aggravated felony can render a resident alien deportable, 8 U.S.C. § 1227(a)(2)(A)(iii), ineligible for asylum, id. § 1158(b)(2)(A)(ii), (B)(i), and place him outside of the discretion of the Attorney General to cancel removal, id. § 1229b(a)(3).

The INA defines an "aggravated felony" in part as "illicit trafficking in a controlled substance . . . including a drug trafficking crime." Id. § 1101(a)(43)(B). Importantly, the term "drug trafficking crime" includes offenses punishable as felonies under the federal CSA. Id.; 18 U.S.C. § 924(c)(2).

Because Julce was convicted under state rather than federal law, this court applies the "hypothetical federal felony" approach and asks "whether the underlying offense would have been punishable as a felony under federal law." Berhe, 464 F.3d at 84; accord Lopez, 127 S. Ct. at 633.

_____

the BIA resolves "aggravated felony" cases by applying the law of the circuit in which the case arises, we apply de novo review. Conteh, 461 F.3d at 52 n.3. Whether under de novo or deferential review, we would reach the same result.

The Massachusetts statute under which Julce pled guilty to possession with intent to distribute punishes "[a]ny person who knowingly or intentionally manufactures, distributes, dispenses or cultivates, or possesses with intent to manufacture, distribute, dispense or cultivate [marijuana]." Mass. Gen. Laws ch. 94C, § 32C(a). An analogous provision in the federal CSA forbids "any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). When less than fifty kilograms of marijuana is involved, the CSA authorizes up to five years' imprisonment for a violation. See id. § 841(b)(1)(D). A federal offense that carries such a potential punishment qualifies as a federal felony. See 18 U.S.C. § 3559(a). Based on the congruence between these state and federal offenses, we concluded in Berhe that a Massachusetts conviction for possession with intent to distribute marijuana is punishable as a felony under federal law, and so it is an aggravated felony for purposes of the INA. 464 F.3d at 84-85.

In an innovative argument not addressed by this court in Berhe, Julce says all is not lost for his position because the state marijuana statute encompasses conduct that would not be punishable as a felony under the CSA, but would instead be treated as a misdemeanor under the CSA. Julce relies on a provision in the CSA, contained within the section that describes the felony offense

-6-

of possession with intent to distribute marijuana, 21 U.S.C. § 841(b), that punishes distribution of "a small amount of marihuana for no remuneration" as a misdemeanor. See 21 U.S.C. §§ 841(b)(4), 844.[4]

It is the nature of this subsection and who bears the burden of proof which are called into question. As the narrow statutory language suggests, Congress intended for this sentencing carve-out to apply to defendants guilty of no more than social sharing of marijuana. See United States v. Outen, 286 F.3d 622, 637-38 (2d Cir. 2002) (noting that § 841(b)(4) properly applies to "the person who is only using the drug with his friends" (quoting Cong. Rec. 35,555 (Oct. 7, 1970) (statement of Sen. Hughes)) (internal quotation marks omitted)). Julce argues from the fact that Mass. Gen. Laws ch. 94C, § 32C(a) does not require proof of remuneration or of any specific amount of marijuana. He argues that a conviction under the state statute is not necessarily equivalent to a conviction under the federal § 841 felony provisions; after all, the conduct might fit into the misdemeanor

---

[4] The relevant provision reads,

Notwithstanding [21 U.S.C. § 841(b)(1)(D)], any person who violates [21 U.S.C. § 841(a)] of this section by distributing a small amount of marihuana for no remuneration shall be treated as provided in section 844 of this title and section 3607 of Title 18.

21 U.S.C. § 841(b)(4). Section 844 authorizes imprisonment of up to one year for a first conviction for simple possession of a controlled substance. Section 3607 is not relevant here.

-7-

exception. Therefore, he argues, the conviction does not categorically qualify as an aggravated felony under the INA.

When a state offense correlates with a federal crime that the INA treats as an aggravated felony but the state statute is written broadly enough to cover at least some non-felonious conduct, the government can show that a conviction under the state statute nonetheless qualifies as an aggravated felony where facts in the record of conviction provide clear and convincing evidence that the alien's offense "constitutes a crime designated as an aggravated felony in the INA." Conteh, 461 F.3d at 55-56. Julce argues that the government failed to put forth enough facts from the record of conviction to prove that his conviction involved more than a "small amount" of marijuana and that he intended to distribute it for remuneration.[5] Julce's argument is that because there is at least the theoretical possibility that he pled guilty to conduct that would fall within the scope of § 841(b)(4), and the

_____

[5] The charging documents in the underlying criminal proceedings did not indicate an amount of marijuana or whether Julce received payment. Neither does the administrative record indicate whether Julce admitted to any specific facts in a plea agreement or plea colloquy. During the proceedings before the IJ, the government introduced a police report indicating that Julce was found with multiple bags of marijuana, spare plastic bags, multiple cell phones, and a sum of cash at the time of his arrest. A police report would not seem to qualify as a part of the "record of conviction," Conteh, 461 F.3d at 56, from which the government could derive facts in support of an aggravated felony charge. Because neither party to this petition argued whether the BIA could legitimately consider facts from the police report, and because our decision does not turn on those specific facts, we leave the issue for another case.

government's evidence did not exclude this possibility, his conviction under Mass. Gen. Laws ch. 94C, § 32C(a) cannot be considered an aggravated felony.

Julce's argument fails because it mistakes the nature of § 841(b)(4), the federal misdemeanor sentencing exception. That section does not create a stand-alone misdemeanor offense. Rather, it is best understood as a mitigating sentencing provision. See United States v. Eddy, 523 F.3d 1268, 1271 (10th Cir. 2008).

When the issue of interpretation of § 841(b)(4) arises in the federal criminal context, every court that has considered the question has held that § 841(b)(1)(D), not § 841(b)(4), sets forth the statutory maximum. See, e.g., United States v. Hamlin, 319 F.3d 666, 668 (4th Cir. 2003) ("[S]ection 841(b)(1)(D) provides the applicable statutory maximum sentence for offenses involving an indeterminate amount of marijuana."); United States v. Walker, 302 F.3d 322, 324 (5th Cir. 2002); Outen, 286 F.3d at 625-26 ("[T]he 'default' provision for marijuana is the five-year term of § 841(b)(1)(D)."); accord Eddy, 523 F.3d at 1271.

The statutory maximum here is the five years set forth by § 841(b)(1)(D), and under the law construing § 841(b)(4), the defendant bears the burden of producing mitigating evidence in order to obtain misdemeanor treatment under § 841(b)(4). See, e.g., Hamlin, 319 F.3d at 671 ("[T]he possibility that the defendant can 'escape the statutory maximum' by showing that he

-9-

distributed a 'small amount of marijuana for no remuneration' does not affect the five-year statutory maximum set by § 841(b)(1)(D)."); Outen, 286 F.3d at 638-39 (government need not prove the absence of mitigating facts under § 841(b)(4)). We agree with those courts on both the default and on the placement of the burden under § 841(b)(4). Thus, in the absence of defendant meeting his burden to show his conduct fits within § 841(b)(4), possession of any amount of marijuana up to fifty kilograms with intent to distribute it is punishable as a felony under the CSA.

To put it differently, the same elements required under Massachusetts law to establish the offense of possession with intent to distribute marijuana, see Mass. Gen. Laws ch. 94C, § 32C(a), if proven in a federal prosecution under § 841, would establish a felony offense. Consistent with Berhe, a conviction for possession with intent to distribute under Mass. Gen. Laws ch. 94C, § 32C(a) qualifies as an aggravated felony for purposes of the INA.[6] Under federal criminal law, it is the defendant's burden to

---

[6]     The Third Circuit has reached a different conclusion in the context of other state statutes that do not require proof of remuneration as an element of possession with intent to distribute. See Wilson, 350 F.3d at 381; Steele v. Blackman, 236 F.3d 130, 137 (3d Cir. 2001). The Third Circuit reasoned that because of § 841(b)(4), the distribution of a small amount of marijuana "without remuneration is not inherently a felony under federal law." Steele, 236 F.3d at 137. This conclusion, in our view, does not take appropriate account of the role that § 841(b)(4) plays as an exception to the sentencing scheme under § 841(b)(1)(D).

show the offense should be reduced to a misdemeanor under § 841(b)(4).

We see no reason to adopt a different rule for purposes of defining an "aggravated felony" under immigration law and do see reasons not to do so. It would be both anomalous and create a disparity in the law's use of the analogy to federal criminal statutes if we were to shift the burden to the government in an immigration case to show that § 841(b)(4) does not apply when there is the requisite state drug conviction. Here, Julce did not even attempt to meet the burden, which is his to bear, that his conduct of conviction fell within § 841(b)(4).

The BIA assumed that an alien could meet that burden in some cases, but did not explain how that would be done under § 841(b)(4), as Julce made no effort to do so. Perhaps the record of conviction in state court would contain facts permitting the alien to make such an argument. We note that an alien, not considering the immigration context, may have had no incentive to produce such evidence in the state court proceeding. Whether the alien would be permitted to introduce other evidence outside of the record of conviction before the IJ is an issue the BIA may wish to address.

The petition is <u>denied</u>.