*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 11a0077p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

JORGE GARCIA,

*Petitioner,*

*v.*

No. 09-4390

ERIC H. HOLDER, JR., Attorney General,

*Respondent.*

_____

On Petition for Review from the
Board of Immigration Appeals.
No. A071 857 678.

Decided and Filed: March 28, 2011

Before: GILMAN, GIBBONS, and COOK, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Kreuza Lako, HILF & HILF, PLC, Franklin, Michigan, for Petitioner. Anthony P. Nicastro, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

**OPINION**

_____

RONALD LEE GILMAN, Circuit Judge. Petitioner Jorge Garcia faces removal to Mexico, his home country. Although he applied for cancellation of removal, the Board of Immigration Appeals (BIA) determined that he is ineligible for this relief because his state drug conviction for the attempted possession of marihuana with the intent to deliver the drug constitutes an "aggravated felony" under the Immigration and Nationality Act (INA). The BIA ruled that his state conviction is an aggravated felony because it corresponds to a felony drug crime under federal law. Garcia challenges the

1

BIA's determination, arguing that his state conviction is not an aggravated felony because it corresponds to a misdemeanor drug crime under federal law rather than a felony drug crime. He also argues that he is entitled to a waiver of inadmissibility and relief due to the ineffective assistance of his counsel during the state drug proceeding. For the reasons set forth below, we **DENY** Garcia's petition for review.

## I. BACKGROUND

Garcia became a lawful permanent resident of the United States in 1995. In 1998, he pled guilty to the attempted possession of marihuana with the intent to deliver the drug, in violation of Mich. Comp. Laws § 333.7401(2)(d)(iii). He was sentenced to a fine and costs totaling $1,150.

The Department of Homeland Security (DHS) began removal proceedings against him in 2005, alleging that he was removable because, among other things, he was an alien believed to be an illicit trafficker in a controlled substance and an alien who had been convicted of a controlled-substance offense under 8 U.S.C. §§ 1182(a)(2)(C) and 1182(a)(2)(A)(i)(II), respectively. Garcia admitted the factual allegations and conceded that he was removable as an alien convicted of a controlled-substance offense. But he sought a waiver of inadmissibility for his state drug conviction under 8 U.S.C. § 1182(h) and cancellation of removal under 8 U.S.C. § 1229b.

In July 2008, the immigration judge (IJ) concluded that Garcia should be denied both of these forms of relief. A § 1182(h) waiver for drug offenses is available only for a single offense of simple possession of 30 grams or less of marihuana. 8 U.S.C. § 1182(h). Because Garcia pled guilty to something more than simple possession of marihuana, the IJ reasoned that Garcia was not eligible for a § 1182(h) waiver.

Cancellation of removal, Garcia's other asserted basis for relief, is not available to an alien who, among other things, has been convicted of an offense deemed an aggravated felony under federal law. 8 U.S.C. § 1229b(a)(3). The IJ concluded that Garcia was not eligible for cancellation of removal because Garcia's state conviction constituted an aggravated felony due to the fact that (1) the conviction contained a

trafficking element—namely, the intent to deliver—and (2) the elements of the state conviction would support a felony conviction under 21 U.S.C. § 841(a)(1) and punishment under 21 U.S.C. § 841(b)(1)(D). And even if Garcia were eligible for cancellation of removal, the IJ determined that Garcia had not demonstrated that he was entitled to such discretionary relief.

The BIA agreed. Citing *Lopez v. Gonzales*, 549 U.S. 47, 55 (2006), the BIA reasoned that Garcia's state offense would be an aggravated felony under the "categorical approach" if the elements of his state offense corresponded to the elements of a federal felony offense under the Controlled Substances Act (CSA), 21 U.S.C. § 801 et seq. Because the BIA found that Garcia's state offense corresponded to the federal felony offense of marihuana distribution, which was punishable by up to five years' imprisonment under 21 U.S.C. § 841(b)(1)(D), it concluded that Garcia's offense should be considered an aggravated felony. The BIA rejected Garcia's argument that the federal offense comparable to his state offense was instead the misdemeanor provision of 21 U.S.C. § 841(b)(4). According to the BIA, that provision is not a discrete offense, but rather a mitigating sentencing provision that Garcia had to prove was applicable by showing that his offense involved only a small amount of marihuana without any remunerative exchange.

Because the absence of these mitigating facts—namely, a small amount of marihuana and no remunerative exchange—would not need to be established by the government in order to convict Garcia of the federal felony offense, the BIA reasoned that drug quantity and remuneration are not elements of that offense. This led it to conclude that Garcia's state offense should be deemed an aggravated felony because the elements of that offense corresponded to the elements of the felony drug crime under 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and 846.

Garcia timely appealed the BIA's decision.

## II. JURISDICTION

We have jurisdiction under 8 U.S.C. § 1252 because that statute provides for judicial review of removal orders. *See* 8 U.S.C. § 1252(a)(1), (b). But because Garcia is considered a criminal alien under 8 U.S.C. § 1252(a)(2)(C), our jurisdiction is limited to constitutional claims or questions of law raised in Garcia's petition. *Id.* § 1252(a)(2)(C), (D). The primary issue raised in Garcia's petition is whether his state conviction constitutes an aggravated felony under federal law. This is a legal question. *See Patel v. Ashcroft*, 401 F.3d 400, 407 (6th Cir. 2005). We therefore have jurisdiction to review the issue.

## III. ANALYSIS

### A.     The aggravated-felony issue

Because the BIA rendered its own opinion in this case rather than simply adopting the IJ's decision, we concentrate our review on the analysis of the BIA. *See Koulibaly v. Mukasey*, 541 F.3d 613, 619 (6th Cir. 2008). We review de novo the legal question of whether Garcia's state drug conviction amounts to an aggravated felony under the INA. *See Patel*, 401 F.3d at 407. Although we generally defer to reasonable BIA interpretations of immigration statutes, we owe no deference to the BIA on this question because the answer depends on interpreting state and federal *criminal* statutes. *Id*.

An alien may apply for discretionary cancellation of removal if, among other things, the alien "has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a)(3). All of the offenses listed in 8 U.S.C. § 1101(a)(43) are deemed aggravated felonies, one of which is "illicit trafficking in a controlled substance . . . , including a drug trafficking crime" as defined in 18 U.S.C. § 924(c). 8 U.S.C. § 1101(a)(43)(B). Section 924(c) in turn defines a drug-trafficking crime as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)."

A state drug offense is considered an aggravated felony if it falls within the general term "illicit trafficking." *Lopez v. Gonzales*, 549 U.S. 47, 57 (2006). "Illicit

trafficking" is not statutorily defined, but the Supreme Court has reasoned that "ordinarily 'trafficking' means some sort of commercial dealing." *Id*. at 53. Neither the BIA nor the government contend, however, that Garcia's state offense counted as an aggravated felony under this route because the statute he violated does not require commercial dealing. *See* Mich. Comp. Laws §§ 333.7401(2)(d)(iii) and 333.7105(1).

The other way that a state drug offense constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) is where the state offense is considered a drug-trafficking crime, which occurs if the state offense "proscribes conduct punishable as a felony" under the CSA. *Lopez*, 549 U.S. at 60. In other words, "a state offense whose elements include the elements of a felony punishable under the CSA is an aggravated felony." *Id.* at 57. The CSA defines a felony as a crime "to which it assigns a punishment exceeding one year[s'] imprisonment." *Id*. at 56 n.7. An alien convicted of such an offense is not eligible for cancellation of removal. *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2589 (2010) (citing 8 U.S.C. § 1229b(a)(3)). This framework for determining whether a state drug offense is considered a drug-trafficking crime has sometimes been called the "hypothetical federal felony" rule. *Rashid v. Mukasey*, 531 F.3d 438, 442-43 (6th Cir. 2008).

Under this rule, we use the "categorical approach" to determine if a state offense constitutes an aggravated felony. *Id.* at 447. In doing so, we may "look only to the fact of conviction and the statutory definition of the prior offense," *id*. (quoting *Taylor v. United States*, 495 U.S. 575, 602 (1990)), and may not "look through to the defendant's actual criminal conduct," *id*. (quoting *United States v. Montanez*, 442 F.3d 485, 489 (6th Cir. 2006)). The elements of the crime are the most important factors to consider. *Montanez*, 442 F.3d at 492.

Garcia pled guilty to and was sentenced for attempted possession with intent to deliver marihuana, in violation of Mich. Comp. Laws § 333.7401(2)(d)(iii). The elements of that offense are an attempt to possess with intent to deliver less than five kilograms of the drug. *Id.* § 333.7401(1), (2)(d)(iii). No commercial transaction is required under the Michigan statute because "deliver" is defined as "the actual,

constructive, or attempted transfer from 1 person to another of a controlled substance." *Id.* § 333.7105(1).

The CSA similarly prohibits a person from "possess[ing] with intent to . . . distribute . . . a controlled substance." 21 U.S.C. § 841(a)(1). Marihuana is a controlled substance under federal law. 21 U.S.C. §§ 802(6), 812 Schedule I(c)(10). The term "distribute" is defined as "to deliver," and "deliver" is a noncommercial term that means "the actual, constructive, or attempted transfer of a controlled substance." 21 U.S.C. § 802(8), (11); *accord United States v. Wallace*, 532 F.3d 126, 129 (2d Cir. 2008) (collecting cases—including *United States v. Vincent*, 20 F.3d 229 (6th Cir. 1994)—holding that distribution within the meaning of 21 U.S.C. § 841(a) can occur without a sale). And "attempts . . . to commit any offense defined in [the CSA] shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt." 21 U.S.C. § 846.

Although the precise amount of marihuana involved in Garcia's case is unknown, the attempt to possess with the intent to deliver *any amount* of marihuana less than 50 kilograms is punishable by up to five years in prison. 21 U.S.C. § 841(b)(1)(D). This means that the elements of Garcia's state offense presumptively correspond to the elements of the federal felony offense of attempting to possess with intent to deliver marihuana. His state conviction should therefore be considered an aggravated felony. *See Lopez*, 549 U.S. at 57.

But Garcia contends that his state offense does not correspond to a federal felony because an exception in 21 U.S.C. § 841(b)(4) provides that anyone who violates § 841(a) by "distributing a small amount of marihuana for no remuneration" shall be punished as if he or she engaged in simple possession of the drug, a misdemeanor punishable by not more than one year in prison under § 844. Garcia claims that § 841(b)(4) applies here because his state offense fails to include remuneration as an element. He also notes that his state offense "deals with the smallest amount of marijuana that is provided for in Michigan law" (under five kilograms), which implies that § 841(b)(4) is applicable because the government failed to show that the amount of

marihuana involved was more than small.  In essence, Garcia is arguing that the CSA's default provision for punishing possession with intent to distribute an undetermined amount of marihuana is the misdemeanor exception of § 841(b)(4), and that this default applies unless the government disproves § 841(b)(4)'s applicability by showing either that more than a small amount of marihuana was involved or that a remunerative exchange occurred.

The problem with Garcia's argument is that a federal prosecutor trying to have a defendant punished for a drug offense under § 841(b)(1)(D) does not need to prove the absence of the § 841(b)(4) elements.  This court has ruled in *United States v. Bartholomew*, 310 F.3d 912, 925 (6th Cir. 2002), that the amount of marihuana involved does not need to be proven to the jury in order to convict under § 841(a) and to punish under § 841(b)(1)(D).  The amount of marihuana, assuming that it is under 50 kilograms, is therefore not an element of the felony drug offense.  Instead, where the amount of marihuana is undetermined—as it is in this case—§ 841(b)(1)(D) is the default provision for punishing possession of the drug with the intent to distribute, not § 841(b)(4).  *Id.*; *see also United States v. Hamlin*, 319 F.3d 666, 670-71 (4th Cir. 2003) (holding that § 841(b)(1)(D) is the default provision for possessing an undetermined amount of marihuana with the intent to distribute the drug).  So the elements of Garcia's state offense establish a felony offense under 21 U.S.C. § 841.

The First Circuit, reasoning along similar lines, has reached the same conclusion. *See Julce v. Mukasey*, 530 F.3d 30, 34-36 (1st Cir. 2008).  In *Julce*, the alien argued that his state conviction for possession with the intent to distribute marihuana should not be punishable as a CSA felony because it would be treated as a misdemeanor under § 841(b)(4).  *Id.* at 34.  The First Circuit rejected this argument, reasoning that § 841(b)(4) "does not create a stand-alone misdemeanor offense," but is rather "best understood as a mitigating sentencing provision."  *Id.* at 35.

To avoid punishment under § 841(b)(1)(D), which the First Circuit found was the default-punishment provision, "the defendant bears the burden of producing mitigating evidence in order to obtain misdemeanor treatment under § 841(b)(4)."  *Id.*  Julce failed

to satisfy that burden. *Id*. at 35-36. Because the elements of Julce's state conviction, "if proven in a federal prosecution under § 841, would establish a felony offense," the court determined that his conviction constituted an aggravated felony. *Id*. at 35.

We acknowledge that the Second and Third Circuits have decided this precise issue the other way, but we are not persuaded by their analysis. *See Martinez v. Mukasey*, 551 F.3d 113 (2d Cir. 2008); *Jeune v. Attorney Gen.*, 476 F.3d 199 (3d Cir. 2007). *Martinez* involved a New York conviction for the sale of marihuana in the fourth degree. Unlike Garcia's offense that could have encompassed as much as 5 kilograms of marihuana, Martinez's offense likely involved between 2 and 25 grams of marihuana (less than one ounce). The offense also did not require remunerative exchange as an element of the offense. In applying the categorical approach, *Martinez* relied on another Second Circuit case establishing that "only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant" to the categorical approach. *Id*. at 118 (quoting *Gertsenshteyn v. United States Dep't of Justice*, 544 F.3d 137, 143 (2d Cir. 2008)). Since the minimum criminal conduct under the New York statute involved only two grams of marihuana, the court concluded its analysis as follows: "[W]e look no further than to the fact that Martinez's conviction could have been for precisely the sort of nonremunerative transfer of small quantities of marihuana that is only a federal misdemeanor under 21 U.S.C. § 841(b)(4)." *Id.* at 120.

As in the present case, the government in *Martinez* argued "that it was Martinez's burden to prove that his state conviction would be punishable under 21 U.S.C. § 841(b)(4)." *Id*. at 121. But the Second Circuit rejected this argument because its interpretation of the categorical approach—a focus on the "minimum criminal conduct necessary to sustain a conviction under a given statute"—meant that Martinez did not have "to prove how little marihuana he had or the nature of the transfer, so long as his conviction could have been based on a nonremunerative transfer of a small amount of marihuana." *Id*. The court also observed that "[p]lacing the burden on Martinez, instead, necessarily requires looking into evidence of Martinez's actual conduct," which runs counter to the policy behind the categorical approach of avoiding mini-trials on

whether a specific defendant's conduct "was less or more culpable than what his actual conviction required." *Id.*

In *Jeune*, the Third Circuit reached the same conclusion using similar reasoning. *Jeune*, 476 F.3d at 205. Jeune pled guilty under a Pennsylvania statute that prohibited the manufacture, delivery, or possession with intent to manufacture or deliver marihuana. *Id.* at 200-201. Based upon the statute and the record of conviction, the court determined that Jeune's offense involved less than two pounds of marihuana, but could not determine that his offense involved remuneration. *Id.* at 204-05. The court also interpreted the categorical approach as requiring the court to "assume that Jeune's conduct was only the minimum necessary to comport with the statute and record." *Id.* at 204 (citations omitted). Because the least culpable conduct in *Jeune* involved a small amount of marihuana and no remunerative exchange, Jeune's state offense was deemed punishable under the misdemeanor provision of 21 U.S.C. § 841(b)(4) and therefore not an aggravated felony. *See id.* at 205.

Although the opinions in *Martinez* and *Jeune* deserve respect, the principles established in *Bartholomew* cut against them, and *Bartholomew* is a controlling Sixth Circuit case. *Bartholomew* concludes that the amount of marihuana need not be proven to convict under § 841(a) or to punish under § 841(b)(1)(D), and further holds that § 841(b)(1)(D) establishes the default punishment for cases where the amount of marihuana is undetermined. *United States v. Bartholomew*, 310 F.3d 912, 925 (6th Cir. 2002). Because "a state offense whose elements include the elements of a felony punishable under the CSA is an aggravated felony," *Lopez*, 549 U.S. at 57, and because the amount of marihuana is not an element of the relevant federal felony, Garcia's state conviction is an aggravated felony under the categorical approach. This would be the case even if we were to assume that the conduct underlying his state conviction was the minimum criminal conduct necessary to sustain the conviction. Moreover, although *Bartholomew* is a criminal-sentencing case rather than an immigration case, this court has declined to interpret a drug-based aggravated felony differently in immigration and criminal-sentencing contexts. *See Rashid v. Mukasey*, 531 F.3d 438, 442 (6th Cir. 2008);

*United States v. Palacios-Suarez*, 418 F.3d 692, 697 (6th Cir. 2005). Garcia's conviction therefore constitutes an aggravated felony under the INA.

## B.     Waiver under 8 U.S.C. § 1182(h)

The next issue is whether Garcia is eligible for a waiver of inadmissability. A § 1182(h) waiver for drug offenses is available only for a single offense of simple possession of 30 grams or less of marihuana. 8 U.S.C. § 1182(h). Because Garcia pled guilty to something more than simple possession of marihuana, he is statutorily ineligible for a § 1182(h) waiver.

## C.     Ineffective assistance of counsel

Finally, Garcia asserts that his criminal defense attorney failed to inform him of the immigration consequences of pleading guilty to the state drug offense. He contends that this failure by his attorney amounted to constitutionally deficient representation based upon the Supreme Court holding in *Padilla v. Kentucky*, 130 S. Ct. 1473, 1486-87 (2010), that attorneys must inform their clients whether a guilty plea carries a risk of deportation.

We cannot reach the merits of Garcia's argument, however, because his claim is not a proper one in immigration proceedings. As this court held in *Al-Najar v. Mukasey*, 515 F.3d 708, 714 (6th Cir. 2008), "[a]n alien petitioner may not collaterally attack a criminal conviction that serves as the basis for the DHS's initiation of removal proceedings against the alien, regardless of whether the attack is raised in a habeas petition or, as it is here, on review from a decision of the BIA." We further note that Padilla's ineffective-assistance-of-counsel claim arose in postconviction proceedings rather than in immigration proceedings. *Padilla*, 130 S. Ct. at 1478.

### IV. CONCLUSION

For all of the reasons set forth above, we **DENY** Garcia's petition for review.