# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 8, 2011

No. 10-60826

Lyle W. Cayce
Clerk

ADRIAN PHILLIP MONCRIEFFE,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before JONES, Chief Judge, and HAYNES, Circuit Judge and CRONE,
District Judge.[*]

EDITH H. JONES, Chief Judge:

Adrian Moncrieffe petitions for review of a removal order of the Board of
Immigration Appeal's ("BIA"). After he pled guilty to possessing marijuana with
intent to distribute in Georgia, the Department of Homeland Security ("DHS")
charged Moncrieffe with being removable for this crime, which it contends
should be considered a felony under the Controlled Substances Act ("CSA") and
an "aggravated felony" under immigration law. *See* 8 U.S.C. § 1227(a)(2)(A)(iii).
The immigration judge ("IJ") agreed, and on appeal, the BIA endorsed the felony

---

[*] District Judge, Eastern District of Texas, sitting by designation.

No.  10-60826

classification and dismissed Moncrieffe's appeal.  For the following reasons we DENY the Petition for Review.

## BACKGROUND

Moncrieffe, a native of Jamaica, entered the United States legally as a permanent resident in 1984 at the age of three.  Moncrieffe pled guilty to "Possession of Marijuana With Intent to Distribute" under Georgia law in 2008 and was sentenced to five years probation.  Because of his guilty plea, DHS charged Moncrieffe with being removable under both 8 U.S.C. § 1227(a)(2)(B) relating to controlled substances offenses and under § 1227(a)(2) "as an aggravated felon" because the conviction was for a "drug trafficking crime" as defined by 18 U.S.C. § 924(c).[1]  DHS produced the Georgia judgment and charging document at the immigration hearing in support of its position.  The IJ ruled that the state conviction was analogous to a federal felony under 21 U.S.C. § 844(a)(1) and that Moncrieffe was thus removable as an aggravated felon.

Moncrieffe appealed to the BIA arguing that the Georgia crime should not be considered an aggravated felony.  Moncrieffe argued that GA. CODE §16-13-30(j) punishes acts that are equivalent to misdemeanors under the CSA. Specifically, distribution of "a small amount of marijuana for no remuneration" falls under the Georgia provision but is only a misdemeanor under 21 U.S.C. § 841(b)(4). The charging document and Georgia judgment did not indicate how much marijuana Moncrieffe possessed.  Because the government did not prove that there was remuneration or more than a small amount of marijuana,

---

[1]  BIA did not rule on, and we do not consider, whether the Georgia conviction constituted a "controlled substances" violation for purposes of removal.

No.  10-60826

Moncrieffe argued that his conviction should be considered a federal misdemeanor.  In an unpublished Fifth Circuit case, *Jordan v. Gonzales*, 204 F. App'x 425 (5th Cir. 2006), this court held that a conviction for possession of marijuana with intent to distribute was considered a federal misdemeanor under 21 U.S.C. § 841(b)(4) in the absence of proof of remuneration or of more than a small amount of marijuana.

The BIA was not swayed by *Jordan*.  Under BIA precedent, a state conviction for possessing an indeterminate amount of marijuana with intent to distribute is considered an aggravated felony under the CSA.  *In re Matter of Aruna*, 24 I.&N. Dec. 452, 2008 WL 512678 (BIA Feb. 26, 2008).  The BIA found no reversible error in the IJ's decision to follow its precedent rather than an unpublished, non-precedential circuit court opinion.  Moncrieffe petitions for a review of the BIA decision dismissing his appeal.

## STANDARD OF REVIEW

This court has jurisdiction to review questions of law in petitions from the BIA. 8 U.S.C. § 1252(a)(2).  We review such questions *de novo. Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002).  Whether a prior state conviction falls within the federal definition of aggravated felony is also reviewed *de novo* because "[d]etermining a particular federal or state crime's elements lies beyond the scope of the BIA's delegated power or accumulated expertise." *Id.*  We review only the BIA decision "unless the IJ's decision has some impact on the BIA's decision." *Mikhael v. INS*, 115 F.3d 299, 306 (5th Cir. 1997).  Factual findings are reviewed for substantial evidence and are overturned only if "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen v. Gonzales*, 470 F.3d 1121, 1134 (5th Cir. 2006).

3

No.  10-60826

**DISCUSSION**

An alien who is convicted of an "aggravated felony" is removable.  8 U.S.C. § 1227(a)(2)(A)(iii).   "Drug trafficking crimes" are considered "aggravated felonies." 8 U.S.C. § 1101(a)(43)(B). "Drug trafficking crimes" include any felony punishable under the CSA, see 18 U.S.C. § 924(c)(2), even if the offense is a misdemeanor under state law.  *Lopez v. Gonzales*, 549 U.S. 47, 60, 127 S. Ct. 625, 633 (2006) (noting that there "is no reason to think Congress meant to allow the States to supplant its own [misdemeanor/felony] classifications when it specifically constructed its immigration law to turn on them").  Felonies under § 924(c)(2) are those crimes that are punishable by more than one year in prison.  *Lopez*, 549 U.S. at 56 n.7, 127 S. Ct. at 631 n.7.

The Fifth Circuit uses a categorical approach to determine whether a state conviction qualifies as a felony under the CSA.  *Omari v. Gonzales*, 419 F.3d 303, 307 (5th Cir. 2005).  Under the categorical approach, the court considers whether the elements of the state statute are analogous to a federal felony instead of looking at the underlying facts of the crime.  *Id.*  If a state statute is divisible, meaning that some conduct would be punished as a felony but other conduct only punished as a misdemeanor under the CSA, then some evidence of the underlying criminal act can be considered in the determination.  *Id.* at 308.  We have limited the government to presenting evidence approved in *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005), to determine whether a guilty plea conviction under a divisible state law was an aggravated felony.  *Omari*, 419 F.3d at 308.  Acceptable evidence includes the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by

4

No.  10-60826

the trial judge to which the defendant assented." *Shepard*, 544 U.S. at 16, 125 S. Ct. at 1257.

Ordinarily, convictions for possession with intent to distribute are felonies under the CSA. *See* 21 U.S.C. § 841. A subsection of the provision, however, provides for misdemeanor treatment for distribution of small amounts of marijuana without remuneration. 21 U.S.C. § 841(b)(4). When a state criminal statute covers both the felony and misdemeanor conduct proscribed by § 841, the courts of appeals are split on whether the conviction, if lacking specifics of the underlying criminal conduct, should be treated as a felony or a misdemeanor. The First and Sixth Circuits hold that the default punishment under § 841 is a felony, while the Second and Third Circuits hold that the default punishment is a misdemeanor.[2]  In an unpublished opinion preceding these circuit cases, *Jordan*, 204 F. App'x 425, this court held that when there was no evidence of how much marijuana was involved or of remuneration, the state conviction could not be considered a federal felony. *Jordan*, however, conflicts with published Fifth Circuit precedent construing the CSA. We decline to follow it and adopt the First and Sixth Circuits' approach.

While acknowledging the circuit split, the Sixth Circuit recently ruled that the felony provision, not the misdemeanor subsection (§ 841(b)(4)), is "the default provision for punishing possession of the drug with intent to distribute." *Garcia*, 638 F.3d at 516. The amount of marijuana is not, the court noted, an element that prosecutors must establish for conviction under the felony provision. *Id*. (citing *United States v. Bartholomew*, 310 F.3d 912, 925 (6th Cir. 2002)). As a

---

[2]  *Garcia v. Holder*, 638 F.3d 511 (6th Cir. 2011); *Martinez v. Mukasey*, 551 F.3d 113 (2d Cir. 2008); *Julce v. Mukasey*, 530 F.3d 30, 34-36 (1st Cir. 2008); *Jeune v. Attorney General*, 476 F.3d 199 (3d Cir. 2007).

No. 10-60826

result, the misdemeanor provision "is 'best understood as a mitigating sentencing provision' and not 'a stand alone misdemeanor offense.'" *Id.* (quoting *Julce*, 530 F.3d at 34-36).

The Second and Third Circuits, in contrast, focus on the doctrine of "least culpable offense." *Martinez*, 551 F.3d 113; *Jeune*, 476 F.3d 199. The Second Circuit emphasized that "only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant" to the categorical approach. *Martinez*, 551 F.3d at 118 (quoting *Gertsenshteyn v. Mukasey*, 544 F.3d 137, 143 (2d Cir. 2008)). Because a New York statute covered offenses involving only two grams of marijuana, the court concluded that the conviction at issue could possibly have been a non-remunerative transfer of a small amount of marijuana and therefore should be treated as a misdemeanor under § 841(b)(4). *Id.* at 120.

Published Fifth Circuit case law compels us to reject the Second Circuit's approach and agree with the First and Sixth Circuits. In *United States v. Walker*, 302 F.3d 322, 324 (5th Cir. 2002), this court held that the default sentencing range for a marijuana distribution offense is the CSA's felony provision, § 841(b)(1)(D), rather than the misdemeanor provision. Prior to *Walker*, this court held that for sentencing purposes, when no jury determination of drug quantity is available, the default punishment is a felony-based maximum of five years under § 841(b)(1)(D). *United States v. Garcia*, 242 F.3d 593, 599 (5th Cir. 2001). The First Circuit relied on *Walker* as evidence that the default punishment for any possession of marijuana with intent to distribute is equivalent to a felony under the CSA and that the defendant bears the burden of producing mitigating evidence in order to qualify for misdemeanor treatment.

No.  10-60826

*Julce*, 530 F.3d at 35.  We adopt the same interpretation of § 841 for immigration purposes as for sentencing purposes.  *United States v. Hernandez-Avalos,* 251 F.3d 505, 509 (5th Cir. 2001) ("We fail to see the validity of interpreting this statute differently based on this distinction between sentencing and immigration cases; it is, after all, the same words of the same phrase from the same statute that is being interpreted in each instance."), *overruled on other grounds*, *Lopez*, 549 U.S. at 60, 127 S. Ct. at 633; *see also Lopez*, 549 U.S. at 58, 127 S. Ct. at 632 (concluding that Congress incorporated "its own statutory scheme of felonies and misdemeanors" in the immigration removal context).  While this approach conflicts with the unpublished opinion in *Jordan*, it is important to follow our published Fifth Circuit sentencing cases.  *See Garcia*, 638 F.3d at 517-18 (Sixth Circuit "declin[ing] to interpret a drug-based aggravated felony differently in immigration and criminal-sentencing contexts").  *But see Martinez*, 551 F.3d at 121 (Second Circuit acknowledges conflict between its own sentencing and immigration cases interpreting § 841).

Based on this reading of  § 841, we deny Moncrieffe's Petition for Review. He pled guilty to possession of marijuana with intent to distribute under GA. CODE § 16-13-30(j).  Even if that section of the Georgia code could cover conduct that would be considered a misdemeanor under § 841(b)(4), Moncrieffe bore the burden to prove that he was convicted of only misdemeanor conduct.  *In re Matter of Aruna*, 24 I.&N. Dec. at 457.[3]  Otherwise, as is true for federal

---

[3] Moncrieffe did not offer any proof of the allegedly small amount of marijuana involved in his crime until he appealed to the BIA.  This was untimely under BIA rules.  8 C.F.R. § 1003.1(d)(3)(iv).  Therefore, we need not address the question of what quality and quantum of proof must be offered by the defendant to show that his drug quantity qualifies for treatment under 21 U.S.C. § 841(b)(4).  The evidence, even if admissible, could not be addressed in the first instance on appeal.

No.  10-60826

defendants charged under § 841, his crime is equivalent to a federal felony.  The petitioner's other arguments are without merit.[4]

Petition **DENIED**.

---

[4] Petitioner's argument that the state crime was considered a misdemeanor by the state is irrelevant given the Supreme Court's holding in *Lopez*.  549 U.S. at 60 (noting that there "is no reason to think Congress meant to allow the States to supplant its own [misdemeanor/felony] classifications").  The petitioner's reliance on *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), is also misplaced because that case merely held that uncharged and unproven recidivism could not convert a misdemeanor into an aggravated felony. Moncrieffe was charged and pled guilty to the conduct for which he was removed.