**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1640**

YANNICK TOURE,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: December 13, 2011          Decided: January 5, 2012

Before KING, WYNN, and DIAZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Jason L. Pope, BERLIN & ASSOCIATES, P.A., Baltimore, Maryland, for Petitioner. Tony West, Assistant Attorney General, M. Jocelyn Lopez Wright, Senior Litigation Counsel, Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yannick Toure, a native and citizen of France, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order finding Toure was removable for having committed an aggravated felony and determining he was not eligible for relief from removal. Toure contends that his Maryland conviction for conspiracy to distribute marijuana is not an aggravated felony because it is not a drug trafficking crime under the Controlled Substances Act ("CSA"). We deny the petition for review.

Under 8 U.S.C. § 1252(a)(2)(C) (2006), this court lacks jurisdiction to review any final order of removal against an alien who is removable for having committed an aggravated felony or a controlled substance violation. See 8 U.S.C.A. § 1227(a)(2)(A)(iii), (B)(i) (West 2005 & Supp. 2011). However, the court retains jurisdiction to ascertain whether in fact the petitioner is an alien and that he has been convicted of a relevant offense. See Argaw v. Ashcroft, 395 F.3d 521, 524 (4th Cir. 2005). In addition, the jurisdictional bar set forth above does not apply to questions of law and constitutional claims. See 8 U.S.C. § 1252(a)(2)(D). This court does not defer to the Board's determination that a particular state conviction qualifies as an aggravated felony. See Argaw, 395 F.3d at 524.

2

Toure's claim that his marijuana conspiracy conviction is not an aggravated felony is a question of law.

Under INA § 237(a)(2)(A)(iii), 8 U.S.C.A. § 1227(a)(2)(A)(iii), an alien is removable for having been convicted of an aggravated felony at any time after admission. Under INA § 101(a)(43)(B), 8 U.S.C.A. § 1101(a)(43)(B) (West 2005 & Supp. 2011), an aggravated felony includes "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of Title 18)[.]" In addition, a conviction for a conspiracy to commit a drug trafficking crime is also an aggravated felony. See INA § 101(a)(43)(U); 8 U.S.C.A. § 1101(a)(43)(U).

A "[d]rug trafficking crime" means any felony punishable under the CSA. See 18 U.S.C. § 924(c)(2) (2006); Lopez v. Gonzales, 549 U.S. 47, 53 (2006). "[A] state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." Lopez, 549 U.S. at 60. Thus, a misdemeanor state drug offense may be considered a drug trafficking crime if the same crime is a felony under the CSA. 21 U.S.C.A. § 841(a)(1) (West 1999 & Supp. 2011) of the CSA provides that it is unlawful "knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]" Under the

3

federal statute, distribution or possession with intent to distribute up to fifty kilograms of marijuana is punishable by up to five years' imprisonment, which renders the offense a felony. See 21 U.S.C.A. § 841(b)(1)(D); Lopez, 549 U.S. at 56 n.7 (under the CSA, felonies are those crimes to which it assigns a punishment exceeding one year imprisonment). Likewise, a conspiracy to commit the same offense carries the same penalties. See 21 U.S.C. § 846 (2006).

Toure's arguments are without merit. His state conviction for conspiracy to distribute marijuana clearly constitutes a felony punishable under the CSA and is thus an aggravated felony. See, e.g., Garcia v. Holder, 638 F.3d 511, 515-16 (6th Cir. 2011) Because Toure was properly found to have been convicted of an aggravated felony, he is not eligible for relief from removal. See 8 U.S.C. § 1229b(a)(2006).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

4