**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 01-30951
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

VERSUS

CORTNEY WALKER, a/k/a MOON, a/k/a COURTNEY WALKER,

Defendant - Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana

August 12, 2002

Before DAVIS, JONES and SMITH, Circuit Judges.

PER CURIAM:

Cortney Walker appeals his revised sentence on the basis that the district court's

imposition of a 10-year sentence on resentencing violated Apprendi v. New Jersey, 530 U.S. 466

(2000). We disagree and affirm.

I.

Walker was convicted of conspiracy to distribute marijuana after a jury trial. No quantity

of drugs was specified in the indictment and the jury was instructed that the government "need not

prove the actual amount of the controlled substance that was part of any alleged violation in this

case." The district court originally sentenced Walker to life imprisonment and eight years

supervised release. His conviction and sentence were affirmed on direct appeal.

In 2000, Walker filed a pro se motion under 28 U.S.C. § 2255, arguing that his life

sentence was illegal as it exceeded the baseline five-year statutory maximum sentence for conspiracy to distribute marijuana. The district court granted his motion to the extent it sought to vacate his life sentence and issued an order resentencing Walker to 10 years imprisonment and 4 years supervised release, the statutory maximum under 21 U.S.C. § 841(b)(1)(D) which applies to offenses involving less than 50 kilograms of marijuana.[1] The five-year sentence Walker sought is extended to ten years with a felony drug offense. Walker filed a motion for reconsideration, contending that he had not waived his right to be present at resentencing. The district court granted the motion, vacated the new sentence and scheduled Walker's resentencing.

At resentencing, Walker argued that, rather than being subject to § 841(b)(1)(D)'s 10-year statutory maximum for prior felony drug offenders, he was subject to the statutory maximum of §841(b)(4)[2], which, by cross-referencing 21 U.S.C. § 844[3], authorizes imprisonment for up to

---

[1] 21 U.S.C. § 841(b)(1)(D) read in pertinent part as follows:
In the case of less than 50 kilograms of marihuana, except in the case of 50 or more marihuana plants regardless of weight, . . . such person shall, except as provided in paragraphs (4) and (5) of this subsection, be sentenced to a term of imprisonment of not more than 5 years, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $250,000 if the defendant is an individual . . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 10 years, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $500,000 if the defendant is an individual. . . . [I]f there was such a prior conviction, impose a term of supervised release of at least 4 years in addition to such term of imprisonment.

[2] 21 U.S.C. § 841(b)(4) reads as follows:
Notwithstanding paragraph (1)(D) of this subsection, any person who violates subsection (a) of this section by distributing a small amount of marihuana for no remuneration shall be treated as provided in section 844 or this title and section 3607 of Title 18.

[3] 21 U.S.C. § 844 reads in pertinent part as follows:
Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both, except that . . . if he commits such offense after two or more prior convictions under this

three years for a two-time felony drug offender convicted of "distributing a small amount of marijuana for no remuneration." The district court rejected this argument and resentenced Walker to ten years imprisonment and four years supervised release. Walker appeals.

## II.

Walker argues that the statutory maximum applicable to his offense of conviction is that set forth in §841(b)(4) and § 844, which authorizes imprisonment up to three years for a two-time felony drug offender convicted of "distributing a small amount of marijuana for no remuneration." We disagree. This court has noted in several published opinions that the default penalty range for a marijuana distribution offense is set forth in § 841(b)(1)(D). United States v. Garcia, 242 F.3d 593, 599-600 (5th Cir. 2001). As Walker's sentence does not exceed the statutory maximum for that provision, there is no Apprendi error. United States v. Clinton, 256 F.3d 311, 314 (5th Cir.), cert. denied, 122 S.Ct. 492 (2001).

We decline the suggestion of Walker that our decision in United States v. Miranda, 248 F.3d 434 (5th Cir. 2001), requires a different result. In Miranda, the defendant was found guilty of conspiracy to possess with intent to distribute various controlled substances. The panel focused on the district court's instruction to the jury that it only needed to find evidence supporting a measurable amount of the controlled substance alleged in each count under consideration. The panel concluded that under this charge, the maximum sentence applicable when the "most we can be sure the jury found beyond a reasonable doubt is that Appellants conspired to possess with intent to distribute a measurable amount of marijuana" was that

---

subchapter or subchapter II of this chapter, or two or more prior convictions for any drug, narcotic or chemical, offense chargeable under the law of any State, or a combination of two or more such offenses have become final, he shall be sentenced to a term of imprisonment for not less than 90 days but not more than 3 years, and shall be fined a minimum of $5,000.

prescribed by 21 U.S.C. § 841(b)(4) and 844(a).  The <u>Miranda</u> panel ultimately refused to exercise its discretion to correct the plain error under <u>Apprendi</u> because the trial evidence supported the district court's findings concerning drug quantity and the defendants' roles in the offenses.  <u>Id.</u> at 445-46.  The jury instruction that was the focus of the <u>Miranda</u> panel was not given in this case.  To the extent that <u>Miranda</u> is inconsistent with the earlier issued opinion in <u>Garcia</u>, we decline to follow it based on this circuit's rule that one panel may not overrule a prior panel opinion and the earlier precedent controls.  <u>Alcorn County, Mississippi v. U.S. Interstate Supplies</u>, 731 F.2d 1160, 1166 (5th Cir.1984).

III.

Finding no <u>Apprendi</u> error in Walker's sentence, we AFFIRM.