United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10159
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEKEMA JABBAR RAY, also known as Kemo,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:04-CR-41-28
---------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Lekema Jabbar Ray appeals the sentence imposed following the entry of his guilty plea to a charge of conspiracy to distribute, possess with intent to distribute, and manufacture more than 50 grams of cocaine base. Ray was sentenced to 135 months of imprisonment and five years of supervised release.

Ray, who was sentenced after the Supreme Court issued its opinion in United States v. Booker, 543 U.S. 220 (2005), asserts that because the district court sentenced him within the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing guidelines range, the district court treated the Guidelines as mandatory in violation of <u>Booker</u>.  In addition to considering the factors contained in 18 U.S.C. § 3553(a), district courts must consider the applicable sentencing guidelines range when sentencing defendants in cases that arise after <u>Booker</u>.  <u>United States v. Mares</u>, 402 F.3d 511, 518-19 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005).  Further, following <u>Booker</u>, sentences are reviewed for reasonableness.  <u>Id.</u> at 518. A sentence within the applicable guidelines range, like Ray's, is presumed to be reasonable.  <u>See</u> <u>United States v. Alonzo</u>, 435 F.3d 551, 553-54 (5th Cir. 2006).

Ray also asserts that this court's decision in <u>Mares</u> is erroneous.  Ray's challenge to <u>Mares</u> is unavailing.  One panel of this court may not overrule or ignore a prior panel decision. <u>United States v. Walker</u>, 302 F.3d 322, 325 (5th Cir. 2002).

Ray further asserts that sentencing him under the belief that the Guidelines were mandatory constitutes a structural error.  The record demonstrates that the district court did not sentence Ray under the belief that the Guidelines were mandatory. Additionally, a <u>Booker</u> error is not structural error.  <u>United States v. Malveaux</u>, 411 F.3d 558, 561 n.9 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 194 (2005).

AFFIRMED.