**UNITED STATES of America**

v.

**Abraham CARRILLO–MORONES, Defendant.**

**No. EP–07–CR–1624(21)–PRM.**

United States District Court, W.D. Texas, El Paso Division.

June 23, 2008.

---

John Michael Gibson, Assistant U.S. Attorney, El Paso, TX, Joseph H. Gay, Jr., Assistant U.S. Attorney, San Antonio, TX, for United States of America.

Arturo V. Hernandez, Arturo V. Hernandez P.A., Miami, FL, Felipe D.J. Millan, Felipe D.J. Millan, P.C., El Paso, TX, for Abraham Carrillo–Morones.

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Defendant Abraham Carrillo–Morones's ("Defendant") "Motion Under Rule 16 to Compel Production of Professional CV's [sic], Summaries of Expert Witness Testimony, and Motion in Limine to Exclude Testimony of Government Expert Witnesses and Request for 'Daubert' Hearing," filed on April 23, 2008, the Government's "Brief and Response to Defendants's Motion to Compel Production of Professional CVs and Summaries of Expert Witness Testimony [and] Motion to Exclude Expert Witness Testimony, and Request for Daubert Hearing," filed on April 29, 2008, and Defendant's "Reply to the Government's Responses," filed on May 13, 2008, in the above-captioned cause. After due consideration, the Court is of the opinion that Defendant's Motion should be granted in part and denied in part for the reasons that follow.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In a letter sent to Defendant's counsel, the Government indicates that at the trial currently set for June 30, 2008, it "may call upon any testifying agent or officer to testify about evidence gathering, law enforcement protocol, methods used by drug trafficking operations, drug values, [and] trucking practices." Mot. 2 (citing Government Letter dated April 11, 2008).

■ Defendant responded to the Government's Letter by filing the instant Motion, arguing that the Government intends to offer expert testimony. Mot. 1. Defendant argues that the Government must, accordingly, provide Defendant with a summary of any such testimony,[1] as directed by Federal Rule of Criminal Procedure 16(a)(1)(G) ("Rule 16(a)(1)(G)"). *Id.* He also requests the Court hold a Daubert hearing "in order to determine the admissibility of the [Government's] proffered expert witness evidence." *Id.* at 7.[2]

The Government acknowledges that it intends to offer some expert testimony, and that it has provided Defendant with "copies of all curriculum vitae for the chemists and fingerprint experts, as well as the reports made by those scientific experts." Resp. 3. With respect to law enforcement officers that the Government intends to call to testify about "evidence gathering, law enforcement protocols, methods used by drug trafficking organizations, and drug values," the Government asserts that it has provided Defendant with these witnesses' qualifications, but acknowledges that it "has not provided summaries of their proposed testimony." *Id.*

## II. LEGAL STANDARD

Rule 16(a)(1)(G) obligates the Government, upon the defendant's request, to provide "a written summary of any testimony that the government intends to use under Rule[ ] 702 . . . of the Federal Rules of Evidence [ ("Rule 702") ]. . . . The summary . . . must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." FED.R.CRIM.P. 16(a)(1)(G).

Under Federal Rule of Evidence 701 ("Rule 701"), a witness may render an opinion based on his or her personal knowledge unless such knowledge constitutes "scientific, technical, or other specialized knowledge within the scope of Rule 702." FED.R.EVID. 701. Pursuant to Rule 702, any testimony based upon "scientific, technical, or other specialized knowledge" constitutes expert testimony. FED.R.EVID. 702.

## III. ANALYSIS

■ A law enforcement officer may render an opinion under Rule 701 where the opinion is based on the officer's personal knowledge of the events about which he or she is testifying. *See United States v. Peoples*, 250 F.3d 630, 641 (8th Cir.2001) ("Lay opinion testimony is admissible only to help the jury or the court to understand the facts about which the witness is testify-

---

**1.** This summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." FED. R.CRIM. P. 16(a)(1)(G).

**2.** "To trigger a *Daubert* inquiry, an expert's testimony, or 'its factual basis, data, principles, methods, or their application must be called sufficiently into question.' " *Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567, 581 (5th Cir.2001) (*quoting Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)). In the instant Motion, Defendant concedes that he can assess neither the experts' qualifications nor their factual basis because the Government has not yet disclosed such information. Mot. 8. Accordingly, the Court denies as premature Defendant's request for a Daubert hearing.

ing and not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events.").

On the other hand, any testimony rendering an opinion formed as a result of facts and circumstances about which an officer lacks personal knowledge constitutes expert testimony under Rule 702. *See id.* at 642 (holding that the district court erred in admitting testimony under Rule 701 where an officer "lacked firsthand knowledge of the matters about which she testified [because h]er opinions were based on her investigation after the fact, not on her perception of the facts"). Testimony that certain conduct or methods of distribution are consistent with drug trafficking constitutes expert testimony. *See United States v. Whittington,* 269 Fed. Appx. 388, 408 (5th Cir.2008) (finding the district court erred in permitting an agent to testify "about drug traffickers' use of cellular telephones, vehicles, and cash" without first qualifying him as an expert); *United States v. Kusek,* 844 F.2d 942, 949 (2d Cir.1988) (stating that "the operations of narcotics dealers are a proper subject for expert testimony under Rule 702"); *United States v. Young,* 745 F.2d 733, 761 (2d Cir.1984) (holding that testimony regarding general drug procedures is expert testimony). *See also United States v. Green,* 324 F.3d 375, 381 (5th Cir.2003) (finding district court did not err in permitting an agent to testify as an expert on the subjects of narcotics trafficking and money laundering).

The Seventh Circuit addressed the distinction between lay opinion testimony and expert testimony by law enforcement officers in *United States v. Oriedo,* 498 F.3d 593 (7th Cir.2007). At issue in *Oriedo* was whether Rule 702 governed the testimony of two agents involved in the investigation of the alleged offense. *Oriedo,* 498 F.3d at

601. The first witness, Agent Reno, "worked surveillance over certain of the controlled [narcotics] buys for which [defendant] was tried" and testified that he became suspicious after observing two vehicles because "more than one vehicle . . . raises concerns about being countersurveillance [sic]." *Id.* at 602 (quotation omitted). Holding that this testimony did not fall within the ambit of Rule 702, the Seventh Circuit explained that Agent Reno "was asked about his own mental state while observing this particular drug deal; in response, he reported his state of mind and his observations on the day in question." *Id.* "Although Agent Reno's specialized knowledge informed his mental state, he was not called upon to testify generally about narcotics counter-surveillance practices or to offer an explicit opinion that what he observed was counter-surveillance." *Id.*

The second officer, Agent Gourley, testified about how drugs are packaged for distribution. *Id.* at 603. Holding that Agent Gourley's testimony constituted expert testimony, the Seventh Circuit explained that

> Agent Gourley's testimony was not limited to what he observed . . . ; instead, he brought the wealth of his experience as a narcotics officers to bear on those observations and made connections for the jury based on that specialized knowledge.

*Id.*

## A. Testimony Regarding Evidence Gathering and Law Enforcement Protocols

Testimony regarding law enforcement protocols and evidence gathering is the product of specialized knowledge and thus, constitutes expert testimony under Rule 702. *Oriedo,* 498 F.3d at 603. If the Government intends to offer such testi-

mony, it must provide Defendant with the information required by Rule 16(a)(1)(G).

### B. Testimony Regarding Methods Used by Drug Trafficking Organizations

▮▮▮▮ Testimony regarding methods used by drug trafficking operations requires specialized knowledge and thus, falls within Rule 702. *See, e.g., Young*, 745 F.2d at 761 (finding admissible under Rule 702 testimony describing "the types of paraphernalia that· one would expect to find at a [heroin] 'mill' "); *United States v. Carson*, 702 F.2d 351, 369 (2d Cir.1983) (describing as expert testimony evidence regarding "the manner in which drug transactions are conducted"). Therefore, if the Government intends to offer testimony regarding methods of drug trafficking, it must provide Defendant with the information required by Rule 16(a)(1)(G).

▮▮▮▮ However, testimony regarding an officer's perceptions of a particular event and whether or not such perceptions are consistent with his or her prior experiences constitutes lay opinion testimony. *See United States v. Miranda*, 248 F.3d 434, 441 (5th Cir.2001) (holding that testimony "concerning the meaning of certain code words used in [a] drug ring based on [an investigator's] personal perceptions" constitutes lay opinion testimony), *overruled on other grounds, United States v. Walker*, 302 F.3d 322, 324 (5th Cir.2002); *United States v. Ayala–Pizarro*, 407 F.3d 25, 29 (1st Cir.2005) (finding non-expert testimony where an agent testified as "to his experience on prior drug arrests that the heroin seized at drug points was [packaged in a certain way], and that in this case the drugs were packaged [in a similar fashion]."). Accordingly, where the Government intends to elicit testimony from an officer regarding his or her perceptions of certain events, it need not provide Defendant with a summary.

### C. Testimony Regarding Drug Values

▮▮▮▮ Testimony regarding the estimated value of drugs requires specialized knowledge acquired through training and experience and thus, constitutes expert testimony. *Oriedo*, 498 F.3d at 603. If the Government intends to proffer such testimony, it must provide Defendant with the information required by Rule 16(a)(1)(G).

### D. Testimony Regarding Trucking Practices

▮▮▮▮ Testimony concerning the substance of federal regulations, including regulations specific to the trucking industry, does not require any specialized knowledge and thus, does not constitute expert testimony. *See United States v. Martinez–Figueroa*, 363 F.3d 679, 682–83 (8th Cir.2004) (holding that testimony regarding the federal regulation requiring truck driver to log their driving did not constitute expert testimony within the meaning of Rule 702). However, to the extent that the Government intends to offer testimony concerning whether certain trucking practices are consistent or commonly associated with drug trafficking, or more technical aspects of trucking practices, it must provide Defendant with the information required by Rule 16(a)(1)(G).

## IV. CONCLUSION

As set forth above, it appears the Government intends to offer expert opinion testimony. In order for such testimony to be admissible at trial, the Court orders the Government to provide Defendant with the information required by Rule 16(a)(1)(G).

Accordingly, **IT IS ORDERED** that Defendant Abraham Carrillo–Morones's "Mo-

tion Under Rule 16 to Compel Production of Professional CV's [sic], Summaries of Expert Witness Testimony, and Motion in Limine to Exclude Testimony of Government Expert Witnesses and Request for 'Daubert' Hearing" (Docket No. 599) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the Government provide Defendant Abraham Carrillo–Morones with the information required in Federal Rule of Criminal Procedure 16(a)(1)(G) as set forth *supra.*