IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 29, 2008

Charles R. Fulbruge III
Clerk

No. 08-20078
Summary Calendar

ROBIN SINGH EDUCATIONAL SERVICES INC.

Plaintiff-Appellee

v.

EXCEL TEST PREP

Defendant-Appellant

--------------------------------------------------------------------------------------------------

ROBIN SINGH EDUCATIONAL SERVICES INC.
d/b/a TestMasters

Plaintiff-Appellee

v.

EXCEL TEST PREP

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-MD-1646

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

This case presents another appeal in a long-standing dispute over the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"TESTMASTERS" trademark.[1] The question presented is whether the defendant Excel Test Prep should be awarded attorney's fees as an "exceptional case" under the Lanham Act. 15 U.S.C. § 1117(a). The district court denied the defendant's motion for an award of attorney's fees. We agree and affirm.

## BACKGROUND

The extensive factual background to this trademark dispute is recounted in our recent decision in Robin Singh Educ. Servs. Inc. v. Excel Test Prep Inc., 2008 WL 1746993, at *1-*3 (5th Cir. Apr. 16, 2008) (unpublished), which addresses the underlying merits of this case. In that decision, we affirmed the district court's dismissal of the plaintiff-appellee Robin Singh's Lanham Act claims on collateral estoppel grounds. Id. at *3-*4. Before we issued that opinion, the prevailing defendant moved for an award of attorney's fees as an "exceptional case" under the Lanham Act at the district court. The district court denied the award. The defendant now timely appeals that denial.

## ANALYSIS

I. Standard of Review

The Lanham Act permits a court to award reasonable attorneys' fees to a prevailing party "in exceptional cases." 15 U.S.C.A. § 1117(a). "The determination as to whether a case is exceptional is left to the sound discretion of the trial court." Seven-Up Co. v. Coca-Cola Co., 86 F.3d 1379, 1390 (5th Cir. 1996). "We review a decision to award attorneys' fees under § 1117 for abuse of discretion and the district court's finding as to whether the case is exceptional for clear error." Scott Fetzer Co. v. House of Vacuums Inc., 381 F.3d 477, 490

---

[1] *See* Test Masters Educ. Servs. v. Singh, 46 F. App'x 227, 2002 WL 1940083 (5th Cir. Jul. 24, 2002) (unpublished) ("Test Masters I"); Test Masters Educ. Servs. v. Singh, 428 F.3d 559 (5th Cir. 2005) ("Test Masters II"); Robin Singh Educ. Servs. Inc. v. Excel Test Prep Inc., 2008 WL 1746993 (5th Cir. Apr. 16, 2008) (unpublished).

(5th Cir. 2004). "To recover attorneys' fees, '[t]he prevailing party must demonstrate the exceptional nature of the case by clear and convincing evidence.'" Id. (quoting Procter & Gamble Co. v. Amway Corp., 280 F.3d 519, 526 (5th Cir. 2002)). "To demonstrate that a case is exceptional, in turn, the defendant must show that the plaintiff brought the case in bad faith." Id.; see also Procter & Gamble Co., 280 F.3d at 527-28 & n.12; Fuji Photo Film Co., Inc. v. Shinohara Shoji Kabushiki Kaisha, 754 F.2d 591, 601-02 (5th Cir. 1985).[2]

## II. District Court Did Not Abuse Its Discretion In Denying Attorney's Fees

A district court can examine the claim's "objective merits" as a factor in determining whether the plaintiff filed in "bad faith." Procter & Gamble Co., 280 F.3d at 527. However, "a party has not acted in bad faith simply by predicating its legal claim on a controversial and unsettled legal theory." Scott Fetzer, 381 F.3d at 490. As we have stated in a similar case:

> The district court did not clearly err or abuse its discretion[;] [plaintiff's] infringement claims do not withstand careful scrutiny, but they are not so implausible as to necessitate an inference of bad faith. Likewise, [plaintiff's] dilution claims are novel and expansive but not so outlandish

---

[2] The defendant relies on Waco Int'l v. KHK Scaffolding Houston, Inc., 278 F.2d 60, 65 (5th Cir. 2002) for the proposition that prevailing defendants need not show plaintiff's claims were pursued in "bad faith" to win attorney's fees under the Lanham Act. In Waco Int'l, we quoted an Eighth Circuit case, Scott Fetzer Co. v. Williamson, 101 F.3d 549, 555 (8th Cir. 1996), for the proposition that "[c]ourts have defined 'exceptional cases' to be those in which 'a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith.'" 278 F.3d at 536 (emphasis added). In tension with this language, an earlier Fifth Circuit case hinged the "exceptional case" inquiry solely on whether the plaintiff filed the suit in "bad faith." See Fuji Photo, 754 F.2d at 601-02; see also Procter & Gamble Co., 280 F.3d at 527-28 & n.12 (noting that the Fifth Circuit and Eighth Circuit tests for determining "exceptional cases" are different, because in the Fifth Circuit, the prevailing defendant must prove "bad faith.") ("Only the Second Circuit has endorsed Fuji Photo's holding that to recover fees under § 1117(a), the defendant must prove the plaintiff brought the action in bad faith."). The earliest precedent, Fuji Photo, therefore controls this case. See United States v. Walker, 302 F.3d 322, 325 (5th Cir. 2002). The prevailing defendant must show the plaintiff brought the action in bad faith.

3

that they could not have been brought in good faith.

Id. at 490-91.

The defendant argues that several factors support a finding of "bad faith" in this case. First, the defendant asserts that because Robin Singh should have known its claims would be barred by collateral estoppel, its claims are baseless. The defendant also quotes the trial court's various adverse comments concerning Robin Singh's litigation as evidence of vexatiousness and bad faith. Finally, the defendant highlights the fact that Robin Singh originally filed its complaint in the Northern District of California as evidence of forum shopping and alleges Robin Singh intentionally re-started discovery after certifying to the trial that discovery was complete.

None of these arguments shows "bad faith" under a clear and convincing standard. While Robin Singh's arguments in this case attempted to distinguish this case from previous cases and ultimately failed, they were not "so implausible as to necessitate an inference of bad faith." Scott Fetzer, 381 F.3d at 490-91. Also, the trial court in its sound discretion did not view Robin Singh's case as an "exceptional case" despite previous adverse comments about its claims. Finally, the defendant's last two assertions of "bad faith," i.e., forum shopping and dishonesty in discovery, are just allegations; whether these allegations are true is not clear. In sum, the defendant has not produced clear and convincing evidence of "bad faith" necessary to show the district court clearly erred in denying an award of attorney's fees.

CONCLUSION

For the foregoing reasons, the district court judgment is
AFFIRMED.