# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10812
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MANUEL GALLEGOS-ORTIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:14-CR-9-1

Before STEWART, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:*

Juan Manuel Gallegos-Ortiz (Gallegos) appeals the 16-month within-guidelines sentence he received following his guilty plea to illegal reentry, in violation of 8 U.S.C. § 1326. For the first time on appeal, he contends that his sentence is procedurally unreasonable because the district court failed to explain adequately the reasons for the sentence imposed, specifically failing to address his mitigation arguments.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10812

Because Gallegos did not raise the objection below, review is for plain error only. *See United States v. Warren,* 720 F.3d 321, 327 (5th Cir. 2013); *see also United States v. Gonzalez*, 250 F.3d 923, 930 (5th Cir. 2001). To establish plain error, Gallegos must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Given that the sentence imposed was within the guidelines range, little explanation of the sentence was required, and the district court's statement, in response to Gallegos's plea for a more lenient sentence, that a sentence at the high end of the guidelines range was necessary for just punishment and deterrence was sufficiently explanatory. *See Rita v. United States*, 551 U.S. 338, 356-57 (2007). Moreover, even if it is assumed that the district court's statement amounted to clear or obvious error, the error is not reversible given that Gallegos has not shown that his substantial rights were affected. *See United States v. Whitelaw*, 580 F.3d 256, 262-63 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009). To the extent that Gallegos argues that *Whitelaw* and *Mondragon-Santiago* were wrongly decided, the argument is unavailing. *See United States v. Walker*, 302 F.3d 322, 325 (5th Cir. 2002).

The judgment of the district court is AFFIRMED.