# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10052
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS MONTOYA-CORREA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:14-CR-10

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Luis Montoya-Correa appeals his 16-month sentence for illegal reentry into the United States. Montoya-Correa contends that his sentence is procedurally unreasonable because the district court failed to address his non-frivolous argument for a guidelines departure based on his connection to the United States. He further asserts that the district court's barebones invocation of the 18 U.S.C. § 3553(a) considerations of punishment and deterrence,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10052

without discussing their specific application to the present case, failed to provide an adequate explanation of its sentencing decision.

Because Montoya-Correa did not object to the reasonableness of his sentence, we review the district court's sentencing determination for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *Puckett v. United States*, 556 U.S. 129, 135 (2009). At sentencing, Montoya-Correa argued for a departure from the guidelines range of 10 to 16 months based on his personal and familial connections to the United States. While the district court's explanation of its within-guidelines sentence was terse and failed to specifically address Montoya-Correa's arguments for a downward departure, the record reflects that the court listened to those arguments, expressly considered two of the § 3553(a) factors, and expressly adopted the findings and reasoning of the presentence report, which contained all of the information about Montoya-Correa's personal and familial connections to the United States upon which his plea for leniency was based. Thus, the record makes clear that the district court listened to but rejected Montoya-Correa's arguments for a downward departure. *See Rita v. United States*, 551 U.S. 338, 356-59 (2007); *see also United States v. Gomez-Herrera*, 523 F.3d 554, 564 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008). The district court's explicit reference to the considerations of punishment and deterrence, in light of the whole record, suffices to "reflect adequate consideration of the § 3553(a) factors." *Rodriguez*, 523 F.3d at 525.

Montoya-Correa fails to demonstrate that the district court committed clear or obvious procedural error. *See Puckett*, 556 U.S. at 135. Moreover, he fails to show "how a fuller explanation would have altered his sentence." *United States v. Rouland*, 726 F.3d 728, 733 (5th Cir. 2013). Absent such a

No. 15-10052

showing, he cannot demonstrate that the district court's purported error affected his substantial rights. *See United States v. Whitelaw*, 580 F.3d 256, 262-63 (5th Cir. 2009). To the extent Montoya-Correa argues that *Whitelaw* was wrongly decided, the argument is unavailing. *See United States v. Walker*, 302 F.3d 322, 325 (5th Cir. 2002).

Accordingly, the judgment of the district court is AFFIRMED.