# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10796
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 25, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBERT DION ABLES,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-38-1

Before BARKSDALE, OWEN, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Robert Dion Ables pleaded guilty to receiving child pornography (count one) and producing it (counts two and three), in violation of 18 U.S.C. §§ 2252(a)(2) and 2251(a). He challenges his within-Guidelines sentence of 960 months' imprisonment.

Ables claims the district court relied on conduct that was not "relevant conduct" under Guideline § 1B1.3. to support enhancing his offense level under

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-10796

Guideline § 2G2.1 on count one for sadomasochistic images, the number of images involved, and pecuniary involvement. Because Ables did not preserve these issues in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under that standard, Ables must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Ables' claim raises fact questions pertaining to the type and number of images involved and whether the money he received from extorting other pedophiles accurately reflected his pecuniary gains. Because "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error", *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991), Ables fails to demonstrate the requisite plain error.

Additionally, Ables' assertions that *United States v. Olano*, 507 U.S. 725, 732 (1993), and *United States v. Calverley*, 37 F.3d 160 (5th Cir. 1994) (en banc), which addressed legal error, dictate we not follow *Lopez* are unpersuasive. Likewise, his reliance on the Supreme Court's admonition in *Puckett*, 556 U.S. at 142, against the use of *per se* rules on plain-error review is misplaced. That language clarified that the discretionary fourth prong of the plain-error analysis was "meant to be applied on a case-specific and fact-intensive basis". *Id.* Ables effectively asks us to overturn our court's precedent, which we may not do as a panel. *E.g.*, *United States v. Walker*, 302 F.3d 322, 324-25 (5th Cir. 2002).

No. 17-10796

Accordingly, Ables' assertion that he has raised a legal issue warranting plain-error review based on the court's refusal to make fact findings under Guideline § 1B1.3 is meritless. Because Ables failed to raise this issue in district court, he, therefore, cannot now complain of the court's refusal to make such findings. *United States v. Ruiz*, 43 F.3d 985, 991–92 (5th Cir. 1995).

Ables additionally claims that, because his sentence on count one was enhanced for engaging in a pattern of sexual activity involving sexual abuse or exploitation of a minor, and such conduct was embodied in counts two and three, count one should have been grouped with either count two or count three. As discussed *supra*, because Ables did not raise these issues in district court, review is only for plain error. *E.g.*, *Broussard*, 669 F.3d at 546.

The probation officer misapplied the grouping rules by failing to group count one with one of the other counts. U.S.S.G. §§ 3D1.2(c), 3D1.4. (The Government agrees.) But, without the addition of the one level resulting from that mistake, Ables' maximum offense level of 43 and Guidelines-sentencing range would have remained the same. U.S.S.G. § 3D1.4. Consequently, he cannot show the error affected his substantial rights. *United States v. Garcia-Gonzalez*, 714 F.3d 306, 317 (5th Cir. 2013).

As Ables acknowledges, his claim that the court committed plain error by determining his offense level exceeded 43 before subtracting 3 levels for acceptance of responsibility is foreclosed. *United States v. Wood*, 1995 WL 84100 (5th Cir. 8 Feb. 1995) (unpublished). (He raises the issue to preserve it for possible further review.) Although unpublished, *Wood* is binding precedent because it was issued before 1 January 1996. 5th Cir. R. 47.5.3; *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 854 n.4 (5th Cir. 1999).

Likewise, Ables' claim that his sentence was substantively unreasonable because the child-pornography Guidelines are not empirically based is

foreclosed.  *United States v. Miller*, 665 F.3d 114, 121 (5th Cir. 2011); *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009).  (He raises the issue to preserve it for possible further review.)

AFFIRMED.