# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30318

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2018

Lyle W. Cayce
Clerk

FRANK W. BALLERO,

      Plaintiff - Appellee

v.

727 INCORPORATED, erroneously identified as Tropical Isle Beverages, LLC and Tropical Isle's Original Papa Joe's, Inc.; 721 BOURBON, INCORPORATED, erroneously identified as Tropical Isle Beverages, LLC and Tropical Isle's Original Papa Joe's, Inc.,

      Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-16098

Before WIENER, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:*

Frank Ballero lost his trademark infringement case. Defendants sought attorneys fees based on their victory. Because the district court did not err in concluding that this was not one of the "exceptional" cases in which the Lanham Act allows fees, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30318

## I.

In 2009, Ballero invented a red ale he called "Pirate's Blood." He also developed a logo and mark for the beer. It was sold at two New Orleans bars owned by the Defendants, which are collectively known as "Tropical Isle."[1] In 2011, Ballero stopped making his ale. Nevertheless, Tropical Isle continued to serve a beer under the name Pirate's Blood, using the same logo and mark.

Five years later Ballero filed this trademark infringement suit. In his initial complaint, Ballero admitted that he had ceased production of the beer in 2011. Defendants swiftly moved to dismiss his complaint. They argued that because the Lanham Act creates a presumption that a trademark is abandoned after three years of nonuse, Ballero's admission that he had not made the beer in five years doomed his complaint. 15 U.S.C. § 1127. In response, Ballero amended his complaint to include an allegation that he met with companies in those intervening years to discuss restarting production of Pirate's Blood and that he fully intended to continue selling the beer under the old mark and logo. This was enough to survive a motion to dismiss, but the district court noted that Ballero's additional "vague allegation . . . may not survive a subsequent motion for summary judgment."

The district court proved prescient. After discovery, Tropical Isle sought and was granted summary judgment. Although Ballero produced some evidence of his intent to continue using the Pirate's Blood mark, he was unable to overcome the presumption that he had abandoned it.

Tropical Isle then filed the motion for attorney's fees that the district court denied.

## II.

---

[1] Although the district court referred to the appellants separately, the appellants themselves used this collective term. For ease, we will too.

No. 18-30318

Under the Lanham Act, a district court may award attorney's fees to a prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). We review the district court's determination of whether a case was "exceptional" for clear error and its ultimate decision to deny attorney's fees for abuse of discretion. *Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 671 F.3d 526, 537 (5th Cir. 2012).

As the district court noted, an exceptional case is one that "stands out from others with respect to the substantive strength of a party's litigating position" or one in which "the unsuccessful party has litigated the case in an 'unreasonable manner.'" *Baker v. DeShong*, 821 F.3d 620, 625 (5th Cir. 2016) (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). The district court surveyed opinions from within and without this circuit and determined that exceptional cases display a "constellation of red flags" that set them apart from the mine-run. *Ballero v. 727 Inc.*, No. 16-16098, 2018 WL 733215, at *2 (E.D. La. Feb. 6, 2018). Examples of such cases include ones brought to harass,[2] or one in which the defendant did not defend the lawsuit and instead continued to infringe the plaintiff's trademark.[3]

The district court concluded there were no red flags here because Ballero was able to "develop some facts to support his argument that he did not abandon the Pirate Blood's trademark," just not enough to overcome the presumption based on three years of nonuse. Ballero testified that he met with five breweries about restarting his business. He also testified that he brewed

---

[2] *Farouk Sys., Inc. v. AG Glob. Prods., LLC*, No. H-15-0465, 2016 WL 6037231, at *4 (S.D. Tex. Oct. 14, 2016). *See also Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 47 (S.D.N.Y. 2015) (noting that a case might be exceptional if it were "so devoid of legal merit that one could only conclude that [it was] advanced with an improper motive" (cleaned up)).

[3] *Laerdal Med. Corp. v. Basic Med. Supply, LLC*, No. H-16-35, 2016 WL 6436557, at *4 (S.D. Tex. Oct. 31, 2016).

No. 18-30318

and entered Pirate's Blood into a beer festival in 2011 and 2012 and sought to register the trademark in 2014.

We too have compared this case to ones that courts have labeled exceptional. The district court did not clearly err in determining that this case does not fit in that narrow class. The lawsuit cannot be characterized as either frivolous or motivated by bad faith, which are two of the most common situations that will support a fee award. *See Octane Fitness*, 572 U.S. at 554 n.6. After all, no one disputes that Tropical Isle *was* using Ballero's trademark, even if it did have a valid affirmative defense. *Cf. Premium Balloon Accessories, Inc. v. Creative Balloons Mfg., Inc.*, 573 Fed. Appx. 547, 558 (6th Cir. 2014) (noting in a patent-infringement case that, "were a court to award attorney's fees whenever [an affirmative] defense is validly asserted, fee awards would be commonplace rather than 'exceptional'"). Nor was Ballero's attempt to overcome the presumption of abandonment unreasonable, even though it did not carry the day. As a result, the district court did not abuse its discretion in denying attorney's fees.

*** 

The judgement is AFFIRMED.

4