# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2019

Lyle W. Cayce
Clerk

No. 18-10748
Summary Calendar

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee

v.

CHARLES EARL DAVIS,

                    Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-10-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Charles Earl Davis appeals the sentence imposed following his guilty plea conviction for possession with intent to distribute a mixture and substance containing methamphetamine and being a felon in possession of a firearm. He argues that the district court erred by not ordering his sentence to run concurrently with any sentence imposed for two pending state charges arising from a prior arrest, which he asserts are relevant conduct to his instant offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10748

Davis's unpreserved arguments challenging the consecutiveness of his sentence under U.S.S.G. § 5G1.3 raise fact questions pertaining to whether the conduct underlying his previous arrest was sufficiently connected or related to the underlying offense to qualify as relevant conduct under U.S.S.G. § 1B1.3. "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991) (per curiam); *see also United States v. Vital*, 68 F.3d 114, 118-19 (5th Cir. 1995).

Further, Davis's argument that *United States v. Olano*, 507 U.S. 725 (1993), and *United States v. Calverley*, 37 F.3d 160 (5th Cir. 1994) (en banc), *abrogated on other grounds by Johnson v. United States*, 520 U.S. 461, 468 (1997), which addressed legal error, dictate that we not follow *Lopez* is unpersuasive. He effectively asks us to overturn this court's precedent, which we may not do. *See United States v. Walker*, 302 F.3d 322, 324-25 (5th Cir. 2002). To the extent Davis relies on decisions that conflict with *Lopez*, we follow *Lopez* because it is the earlier line of precedent. *See United States v. Wheeler*, 322 F.3d 823, 828 n.1 (5th Cir. 2003).

Accordingly, the judgment of the district court is AFFIRMED.